

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:      Raymond Jackson v. The State of Texas

Appellate case number:    01-21-00360-CR

Trial court case number:   1520691

Trial court:              184th District Court of Harris County

Appellant, Raymond Jackson, timely filed a notice of appeal from his conviction of the felony offense of murder. On January 6, 2022, counsel for appellant filed an appellant's brief in this appeal. Appellant's brief includes an external hyperlink to a Dropbox folder containing State's Exhibits 07 and 94, which were offered by the State, and admitted by the trial court, at trial. These exhibits are videos containing surveillance footage which captured the commission of the alleged offense.

The State has filed a Motion to Seal or Strike Appellant's Brief requesting that we "seal or strike the appellant's brief due to the inclusion of" the Dropbox folder containing the above-described exhibits. The State argues that we should seal or strike appellant's brief because, given the nature of the offense, the video footage should not be publicly viewable on the Court's website "to anyone and everyone who wants to see it," and further because the "link is unnecessary for [a]ppellant to reference the exhibits to make his argument."

Before addressing the merits of the State's motion, we first note that the surveillance video footage in question here is unquestionably graphic in nature and agree with the State that the images included should not necessarily be "readily-available to anyone and everyone who wants to see it – from the idly-curious to the depraved." However, we also note that the appellate record establishes that the surveillance video footage in question, State's Exhibits 07 and 94, were offered at trial by the State, admitted by the trial court, and published to the jury. Further, the appellate record does not appear to include any request or other effort by any party for the trial court to seal State's Exhibits 07 or 94.

With respect to the State's request to seal appellant's brief, we note that the State has not cited to any authority directing us to any authority this Court has to *sua sponte* seal an appellant's brief. Generally, this Court's authority to seal briefs or other records is limited, including to situations where: (1) a document includes "sensitive data" as defined

in Texas Rule of Appellate Procedure 9.10, and (2) a party seeks to file documents, or references documents in a brief, which have been sealed by the trial court. *See* TEX. R. APP. P. 9.10; *see also R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.). Based on our review of the appellate record, and the arguments presented in the State's motion, neither situation applies here. Accordingly, we **deny** the State's request to seal appellant's brief.

We next consider the State's request to strike appellant's brief. Again, the State's motion does not cite to any authority in support of its requested relief. However, the external hyperlink to a Dropbox folder included in appellant's brief, which includes copies of the surveillance videos admitted by the trial court as State's Exhibits 07 and 94, are not a part of the appellate record. This Court generally may only review and consider those items that are a part of the appellate record. *See* TEX. R. APP. P. 34.1; *see also Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (appellate court's review limited to documents included in appellate record).

Notably, the reporter's record filed by the official court reporter for the 184th District Court does not include certified copies of the surveillance videos admitted by the trial court as State's Exhibits 07 and 94. However, where an item or exhibit is missing from the reporter's record, a party, or the Court, may request that the missing item(s) or exhibit(s) be included in a supplemental reporter's record. *See* TEX. R. APP. P. 34.6(d). Because appellant failed to make such a request of the court reporter, and instead included a hyperlink to an external Dropbox folder which is not a part of the appellate record, and therefore not reviewable by this Court, we **grant** the State's motion to strike appellant's brief. We **strike** appellant's brief filed on January 6, 2022. **We further direct appellant, within ten days of the date of this order, to re-file his brief without the inclusion of the link to the external Dropbox folder**.

Finally, we direct the official court reporter, or substitute court reporter, for the 184th District Court to prepare, certify and file a supplemental reporter's record including certified copies of the videos included in State's Exhibits 07 and 94. *See* TEX. R. APP. P. 34.6(d). **The supplemental reporter's record is due to be filed with the Clerk of this Court within fifteen days of the date of this order**.

It is so **ORDERED**.


Judge's signature: _____/s/ Amparo Guerra_____
                      ☑ Acting individually    ☐ Acting for the Court

Date: __January 20, 2022_____